06-4996-cv
Ricci v. DeStefano

DENNIS JACOBS, <u>Chief Judge</u>, dissenting from the denial of rehearing <u>in banc</u>:

Along with almost half of the members of this Court, I join Judge Cabranes's dissent, which does the heavy lifting on the procedural merits of <u>in banc</u> review.  I write separately to answer respectfully the concurring opinions of Judge Calabresi and Judge Katzmann.[1]

Judge Katzmann and those of my colleagues who signed his opinion "recognize" that this case "presents difficult issues," but would leave further review and consideration to the Supreme Court, citing a Circuit "tradition" of deference to panel adjudication.  In effect, this has become a Circuit tradition of hearing virtually no cases <u>in banc</u>.

The grant or denial of <u>in banc</u> review is governed by Fed. R. App. P. 35, which says that <u>in banc</u> rehearing is disfavored--<u>unless</u> such review is needed for coherence of

---

[1]I have not solicited concurrences for my opinion.

1

the Court's decisions or "the proceeding involves a question of exceptional importance." Fed. R. App. P. 35(a). Accordingly, the next subdivision of Rule 35 requires the petition to explain why the case falls within one or both of these categories. See Fed. R. App. P. 35(b).

This weighing calls for an exercise of discretion. Judge Calabresi's concurring opinion deprecates this standard as a "purely discretionary power" that is "always a matter of choice" (emphasis added). He nevertheless "join[s] fully" in both Judge Parker's opinion, which counsels against in banc review as a matter of (plain ordinary) discretion, and Judge Katzmann's opinion, which decides against in banc review as a matter of tradition. I understand Judge Calabresi to be saying, in effect, that when it comes to in banc review, discretion should be leavened by caprice. As applied to this case, that means that there might be discretionary grounds for denying in banc review were it not already foreclosed by tradition.[2]

---

[2] In the alternative, Judge Calabresi contends that we cannot consider whether the District Court applied the correct legal standard to plaintiffs' Title VII claim because the "parties did not present [that] argument to the district court or the panel" and we can only consider a

2

This occluded view of our discretion to sit in banc runs counter to the criteria set down for our guidance in Rule 35. No doubt, the proper exercise of discretion results in the denial of review in the overwhelming number of cases. And the resulting pattern may resemble the pattern of denial that would result from saying "no" by tradition. But the decision to grant or deny in banc review is like any other discretionary decision in the sense that discretion should be exercised, not elided or stuck in a

"legal theory that the parties have eschewed" in such circumstances as "matters of life and death." Judge Calabresi provides no authority for this proposition for the good reason that it is unsound. Writing for a unanimous Supreme Court, Justice Thurgood Marshall explained that "[w]hen an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law." Kamen v. Kemper Fin. Servs., Inc., 500 U.S. 90, 99 (1991); see also Hankins v. Lyght, 441 F.3d 96, 104 (2d Cir. 2006) ("We are required to interpret federal statutes as they are written . . . and we are not bound by parties' stipulations of law."); Neilson v. D'Angelis, 409 F.3d 100, 105 n.2 (2d Cir. 2005) ("The parties' apparent agreement on the standard of 'similarity' for 'class of one' cases does not control our judgment, because this court is not bound by stipulations of law."); United States v. Pabon-Cruz, 391 F.3d 86, 97 (2d Cir. 2004) ("It is clear that we have the authority to resolve this question despite its not having been raised in the District Court proceedings or in the parties' initial briefs.").

3

default position.  See United States v. Campo, 140 F.3d 415, 419 (2d Cir. 1998) (holding that "refusal to exercise discretion accorded [the court] by law . . . constitutes an error of law").

The exercise of discretion to hear cases in banc is integral to the judicial process.  The advisory notes emphasize that "an en banc proceeding provides a safeguard against unnecessary intercircuit conflicts."  See Fed. R. App. P. 35, Advisory Committee Notes (1998 Amendments).  In other words, issues of exceptional importance that may divide the circuits should be subject to in banc review lest a three-judge panel adopt a rule of law that would not command a majority vote of the appeals court as a whole, and thereby provoke an avoidable circuit conflict that the Supreme Court would have to resolve.

That is why I respectfully disagree with those of my colleagues who are pleased to defer as a matter of tradition to the ruling of the three-judge panel, and thereby leave further consideration to the Supreme Court.  Cf. Landell v. Sorrell, 406 F.3d 159, 167 (2d Cir 2005) (Sack, J., and

Katzmann, J., concurring) (observing that in banc hearing should be avoided where it "would only forestall resolution of issues destined appropriately for Supreme Court consideration").

I do not think it is enough for us to dilate on exceptionally important issues in a sheaf of concurrences and dissents arguing over the denial of in banc review. If issues are important enough to warrant Supreme Court review, they are important enough for our full Court to consider and decide on the merits. Of course, if an in banc poll discloses broad-based agreement with the panel opinion, in banc review may be a spinning of wheels. Under such circumstances, it may very well be an appropriate exercise of discretion to deny rehearing in banc. But to rely on tradition to deny rehearing in banc starts to look very much like abuse of discretion.